JOHN TOLSON,
vs.
HENRY TOLSON ET AL.

} JULY TERM, 1853.

———

[EXCEPTIONS TO TESTIMONY.]

———

WHERE testimony taken under a commission has been returned and filed in court for more than eight months, and been made the foundation of the Auditor's report, to which report exceptions were filed, and which was submitted for final decision, it is too late for one of the defendants, who was examined as a witness, to ask that the commission be remanded upon the ground that the commissioner had made mistakes in writing down his testimony.

Exceptions to such testimony, upon the ground that the parties had no notice that the defendant was to be examined as a witness, and that they, therefore, had no opportunity of cross-examination, will not be sustained, if they had notice of the time and place of the execution of the commission.

The omission to procure the previous order of the court for the examination of a defendant as a witness, is a mere irregularity, and when it is apparent

no substantial injustice has been inflicted upon the opposite party by denying him the benefit of a cross-examination, and that delay and injury will be visited upon the party relying upon the proof, an objection thereto on this ground ought not to prevail.

The order for the examination of a party, as a witness, is granted almost as a matter of course, leaving the objections to be made and considered when the testimony is brought in.

---

[The proceedings in this case up to December, 1849, are very fully stated in the report of the case in 8 *Gill*, 376, and in 10 *G. and J.*, 159. The proceedings in this court since the cause was reinstated therein in 1849, are sufficiently stated in the following opinion of the Chancellor, delivered on the 1st of August, 1853, upon the hearing of the petition of the defendants, and the exceptions to the Auditor's report and accounts.]

---

THE CHANCELLOR:

The original bill in this case was filed in March, 1834, and the cause, therefore, has been pending nearly twenty-five years, during which long period the complainant has been deprived, for the most part, of the support which, according to two several adjudications of the Court of Appeals, he is unquestionably entitled to. It would, therefore, be a subject of regret if any substantial and insurmountable objection existed to the speedy determination of the controversy.

After the decision of the Court of Appeals at the December term, 1849, and the reinstatement of the cause in this court, a commission issued, by consent, to John C. Mullikin to take further evidence, and the depositions of several witnesses were taken and returned by him in November, 1852. Among them is the deposition of Edward Tolson, who appears, by the return of the commissioner, to have been examined on the 19th of September, 1851. This deposition has, to some considerable extent, been made the basis of the last report of the Auditor, and the principal ground of objection to that report urged on the part of the defendants, refers to that deposition and the influence it has had upon the account.

It is to be remembered that the witness is himself a defend-

ant equally bound with the other defendants to contribute to the support of the plaintiff, John Tolson ; that he was swearing against his own interest, in like manner, as against his co-defendant's, and that every objection, therefore, to his proof coming from himself and his associates should be regarded with some degree of jealousy. The deposition, as has been stated, was taken in September, 1851, and was returned to, and filed, and has remained in this court since the 15th of November, 1852, without a whisper from any quarter that there was any mistake or misapprehension in the nature or purport of the answers given by him to the questions until the petition of himself and others was filed on the 30th of July last. The Auditor, in the mean time, had made his report, founded in part upon this evidence. This report was filed prior to the commencement of the recent July term of this court, and was submitted on the part of the complainant on the 19th of that month, during the sittings ; exceptions having been filed thereto by both parties, and at the close of the sittings was in strict conformity with the practice laid before the Chancellor for his decision. It was in this state of the case, after the sittings of the term had expired, that a petition was filed by the same Edward Tolson and others, alleging errors committed by the commissioner in writing down his testimony, exhibiting in writing, and in the form of a deposition, what he alleges was, or was intended to be, his proof before the commissioner, and praying that the commission may be remanded, thus causing additional delay, or that the complainants may be required to admit the corrections of the proof the witness displayed upon the face of this paper.

My opinion is, that neither alternative of this application can be granted. The proof had been taken, and lying in the office of the register of this court for upwards of eight months, subject to the inspection and examination of all parties, and the Auditor's report, founded upon it, was likewise filed prior to the commencement of the recent term. To this report both parties filed exceptions, but no complaint was heard that the proof of Edward Tolson was not reduced to writing correctly

10*

by the commissioner until the term had closed, and the papers were with the Chancellor for his decision. Under such circumstances, I cannot bring myself to think it would be compatible with justice, the practice of the court, or the analogies to be derived from proceedings at common law, to allow the witness to take back or explain proof which he had given nearly two years before, and which had been in court, and subject to the inspection of all parties, for upwards of eight months. No sufficient excuse, in my opinion, is given for this great negligence, and I am not disposed, in the absence of such excuse, to sanction a practice from which so much inconvenience might be fairly apprehended. The petition, therefore, will be dismissed, and the only question then arises upon the exceptions to the last report of the Auditor.

The sixth exception of the defendants to the report filed on the 21st of July last, and in their exceptions to the testimony filed on the 30th of the same month, the testimony of the said Edward Tolson is excepted to upon the ground that the previous order of the court for his examination had not been obtained, and in the paper last filed, it is said that none of the parties except the witness himself had notice of his examination, or opportunity of cross-examination.

But this statement, that the defendants had no notice of his examination, if it refers to the time and place of his examination, is contradicted by the return of the commissioner, which states expressly that the meeting at Bladensburg on the 19th of September, 1851, when he was examined on the complainant's interrogatories was, "pursuant to previous notice thereof given to the parties." The defendants, therefore, had notice that on that day, and at that place, the complainants would proceed to take proof, under a commission issued by consent of parties, and it was their own negligence if they did not attend. It is true they were not specially notified that Edward Tolson would be examined, but they knew that proof would be taken, and might and ought to have been present. Nor can it be said they have been deprived of the privilege of cross-examining the witness, for it cannot be doubted that if application had

been made in a reasonable time after the return of the commission, that such privilege would have been accorded them. The commission to Mr. Mullikin, issued in February, 1851. The witness, Tolson, was examined in September of that year, and the proof was returned to the office in November, 1852, and it is not until July, 1853, after the Auditor's report was filed, and the cause submitted to the court for final decision, that the defendants set up the objection that there was no previous order for the examination, or opportunity of cross-examination.

If they have lost the benefit of the cross-examination, they have none but themselves to blame, and the question, therefore, is, whether, in the absence of all substantial ground of objection, the mere omission to procure the order of the court for the examination of the witness, (which is almost always passed as of course,) shall exclude it from consideration?

The order for the examination of a party, says the late Chancellor Bland in *Lingan* vs. *Henderson*, 1 *Bland*, 268, "is granted almost as a matter of course, leaving the objections to be made and considered when the testimony is brought in." The omission to procure the previous order of the court is at most a mere irregularity, and when it is apparent, as in this case, that no substantial injustice has been inflicted upon the opposite party by denying him the benefit of a cross-examination, and that delay and consequent injury will be visited upon the party relying upon the proof by allowing the objection to prevail, it seems to me it ought not to be permitted to do so.

The lying by and withholding the objection until the present time, when it might have been interposed at an earlier period, and thus vexatious delay and expense avoided, relieves the court, in my judgment, of all obligations to give effect to it. In speaking of an objection to testimony of this description, the Court of Appeals, in the case of *Jones* vs. *Hardesty et al*, 10 *G. and J.*, 414, say, "had this irregularity been made the subject of an exception to the testimony in the County Court, it *might* have been available to the appellants in this court."

But it by no means follows that the objection, if presented in the form of an exception in the inferior court, would have

been fatal to the admissibility of the proof on appeal, for as I think it is not to be doubted that many circumstances might exist which would make it inequitable to give it that effect. Such circumstances, as I conceive, exist in this case, and, therefore, the exception must be overruled.

To the last report of the Auditor, both sides have excepted upon various grounds. The complainant's first and second exceptions, in my opinion, cannot be sustained. The Auditor has, I think, stated correctly the result of the proof with reference alike to debits and credits.

The complainant's third exception must share the same fate as the first and second. It complains that the Auditor has given weight and credence to the testimony of Ann McPherson, which he was not only authorized but required to do by the opinion of this court of the 14th of June, 1847. That opinion, in that respect, not having been disapproved of by the Court of Appeals in the subsequent judgment pronounced by them, must be regarded as conclusive upon the point unless some evidence clearly discrediting the witness has been since introduced. In my opinion there is none such, at least, none strong enough to warrant the rejection of her deposition entirely, and the exclusion of it in making the average.

The complainant's fourth and last exception has regard to the mode in which the Auditor has charged the interest on the balances due at the expiration of each year. He insists that the account should have been stated with yearly rests. But in this the complainants are again in conflict with the opinion of the 14th of June, 1847, which says, "the defendants are chargeable with interest on the balances due for each year, as stated in former reports of the Auditor," and upon reference to these former reports, it will be found that yearly rests were not made. This exception, therefore, will likewise be overruled.

Having already said the Auditor had arrived at proper results upon the proof, both with regard to debits and credits, the defendant's first and second exceptions must be overruled. Nor can the third exception be maintained, because if, for any reason less would be required for the support of John Tolson from

the year 1845, or any other period, it was for them to show it by proof, and in the absence of proof it is not to be presumed.

The defendant's fourth exception must also fall, because it objects to the average made by the Auditor of the proof of the witnesses in regard to the credits. In his average he has included the testimony of Mary Ann McPherson, and has given the proper weight to it.

My opinion, then, is, that the account D., accompanying the report of the Auditor of the 9th of July last, is stated upon proper principles, and it will be confirmed, and the only other question has respect to the form of the decree. That is, whether the sum which shall be decreed to be paid by the defendants, shall be charged against them *in solido* or distributively. It may be that under the last opinion of the Court of Appeals this court is not prohibited from adopting the former mode of securing to the complainant the benefit of the lien given him by the devise in his father's will, but it is most certain the appellate court express a decided preference for the latter form of relief, and it will therefore be adopted, so far as the arrears are concerned. To prevent injustice, however, the decree will declare the whole sum in arrear a charge on the entire real estate, such being the express judgment of the Court of Appeals.

The decree, then, will provide that each defendant shall pay the complainant, or bring into this court to be paid him the sum stated in the memorandum appended to the said account, D., with interest on the proper proportion thereof. That in default of payment by any one of them, his share of the estate charged with the lien shall be sold, and the proceeds brought into court for disposition, and that in the event of the inability of any one of the defendants to pay his proportion, the complainant shall be at liberty to apply to the court for such order or decree against the others, as may be necessary.

And the decree will also provide for the payment by the defendants to the complainant of an annuity of one hundred and ninety dollars during his life, in semi-annual payments, commencing from the 1st of July, 1853, and for his costs to be

taxed by the register.   The petition filed by the defendants on
the 30th of July, 1853, will be dismissed.

———

   ALEXANDER and PRATT, for Complainants.
   RANDALL, for Defendants.

———

   [From the decree passed in accordance with the above direc-
tions, an appeal was taken by the defendants, which is still
pending.]